IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| ALLEN BRIDGERS, | § | |
| Petitioner, | § | |
| vs. | § | No. 4:07cv479 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | | |

**ORDER GRANTING MOTION TO DETERMINE WHETHER 2254(d) HAS BEEN SATISFIED PURSUANT TO *PANETTI V. QUARTERMAN*, \_\_\_ U.S. \_\_\_, 127 S.CT. 2842(2007), *ATKINS V. VIRGINIA*, 536 U.S. 304 (2002), AND *FORD V. WAINWRIGHT*, 477 U.S. 399 (1986).**

This matter comes before the court on petitioner Allen Bridgers' ("Bridgers") motion to determine whether he may introduce evidence in this federal *habeas corpus* proceeding which was not introduced in his state mental retardation determination proceedings. [de#20] The court, having considered the circumstances alleged and authorities cited by the parties, as well as the record and the applicable law, finds that he may.

**Background**

In 1998, Bridgers was convicted of capital murder and sentenced to death. While his initial federal *habeas corpus* application was pending, the Supreme Court of the United States held that executing the mentally retarded was unconstitutional. *See Atkins v. Virginia*, 536 U.S. 304 (2002). Bridgers did not raise a mental retardation claim during his initial post-conviction proceedings, but in July of 2006, he filed a second petition in state court in which he claimed that he was mentally retarded.

Bridgers' state post-conviction application was filed by his appellate counsel, Kenneth Nash, who subsequently moved to withdraw. On October 3, 2006, the state court granted Nash's motion and appointed Jared Tyler, an attorney who was not on the list of counsel deemed qualified by the Texas Court of Criminal Appeals to represent capital defendants in state post-conviction proceedings and who had at that time been licensed to practice only three years. The state court authorized Tyler to spend $3,000 for investigation and $5,000 for experts, and set an evidentiary hearing on Bridgers' mental retardation claim for December 18, 2006. One week later Tyler moved to withdraw and be replaced by an attorney from the list, but the state court refused, reasoning that since Bridgers did not have the right to counsel in a *habeas corpus* proceeding, he did not have the right to counsel deemed qualified by the Texas Court of Criminal Appeals.[1]

On October 27, the state court reset the evidentiary hearing for January 8, 2007. On December 21, 2006, Bridgers filed *ex parte* requests for additional funding for his investigator and his expert witness, and a motion to continue the evidentiary hearing. On January 3, 2007, the state court granted the requests for additional funding but denied the motion for a continuance. Bridgers contends that as a result of the timing of the state court's rulings on his motions, he was unable to properly develop and present to the state court sufficient evidence that he is mentally retarded. On June 26, 2007, the state court denied his mental retardation claim on the merits.

Bridgers then filed a second federal *habeas corpus* application. He sought funding to conduct a more thorough investigation and develop more comprehensive expert evaluation than he was able to present in state court. This court initially denied his request on the ground that

---

[1] Although Bridgers' right to appointed counsel is not at issue in this case, this court notes its disagreement with the state court's ruling. Among the impairments a mentally retarded person would be expected to have would be the inability to prove his own mental retardation in an adversarial legal proceeding without legal assistance.

under 28 U.S.C. §2254 (d)(2), the scope of its review was limited to determining whether the state court's determination that he was not mentally retarded was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. *See also Simpson v. Dretke*, 2006 WL 887384 (E.D.TX March 27, 2006).

In *Ford v. Wainwright*, 477 U.S. 399 (1986), the Supreme Court of the United States held that states must provide a fair hearing to prisoners who claim that they cannot be executed because they are insane. In *Panetti v. Quarterman*, ___ U.S. ___, 127 S.Ct. 2842 (2007), the Supreme Court held that if a state court unreasonably applies the rule in *Ford* by failing to provide a full and fair competency hearing, a federal court in a resulting *habeas corpus* proceeding will not be limited by the restrictions in 28 U.S.C. § 2254 (d). Bridgers contends that the rules in *Ford* and *Panetti* apply in mental retardation determination hearings, and he argues that because he did not receive a full and fair hearing on his mental retardation claim at the state level, he is not foreclosed by 28 U.S.C. § 2254 (d)(1) from introducing new evidence to the federal court in support of his mental retardation claim. Respondent Nathaniel Quarterman ("the Director"), does not take issue with the legal premise of Bridgers' argument, but contends the hearing Bridgers received in state court was not so unfair that it constituted an unreasonable application of the rule in *Ford*.

**Analysis**

Where a *habeas corpus* petitioner makes a *prima facie* showing of mental retardation in state court, the state court's failure to provide him with the due process opportunity to develop his claim deprives the state court's decision of the deference normally due under 28 U.S.C. § 2254 (d). *Rivera v. Quarterman*, 505 F.3d 349, 358 (5th Cir. 2007). Bridgers contends that his

due process rights were violated in two respects. First, his appointed counsel was not on the list of counsel deemed by the Texas Court of Criminal Appeals to be qualified to represent individuals in capital state post-conviction proceedings, and second, the state trial court failed to provide him with adequate time and money to properly investigate and prepare his case.

Regarding Bridgers' first argument, he does not dispute that he was in fact represented by counsel throughout his state post-conviction proceedings. That the counsel who was appointed to represent him was not on the list of attorneys deemed qualified by the Texas Court of Criminal Appeals does not, by itself, violate his right to due process. Moreover, Bridgers had the assistance of experienced counsel who assisted at the evidentiary hearing pro bono.

Regarding Bridgers' second argument, the record shows that attorney Tyler was appointed three months before the evidentiary hearing on Bridgers' mental retardation claim, and he was provided $3,000 to conduct an investigation into Bridgers' background. Three weeks before the evidentiary hearing, Tyler requested additional money and time, explaining that because Bridgers had lived outside of the state of Texas throughout his childhood, additional out of state travel would be necessary to interview and secure the attendance and testimony of witnesses. Five days before the evidentiary hearing, the state court granted Bridgers' *ex parte* request for additional funding, but after conducting a hearing on his motion for a continuance, it denied that motion.

Bridgers contends that because the court granted his request for additional funding only five days before the evidentiary hearing, and then refused to postpone the hearing, he was not able to utilize the funding to complete the out of state investigation he needed. As a result, he was unable to present material evidence, and thus he did not receive a full and fair hearing in

4

accordance with *Rivera.*

The Supreme Court of the United States hat set out a general framework for analyzing claims like Bridgers':

> The matter of continuance is traditionally within the discretion of the trial judge . . . [and] [t]here are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied.

*Ungar v. Sarafite*, 376 U.S. 575, 589 (1964).

The $3,000 originally provided to Bridgers would not have been sufficient to complete a thorough investigation into Bridgers' background, considering that Texas law requires the defendant to obtain and introduce testimony from people who knew him during his developmental period, *see Ex parte Briseno*, 135 S.W.3d 1, 8 ( 2004), and Bridgers did not grow up in Texas. When Bridgers became aware of the inadequacy of his funding, he filed *ex parte* requests for additional money on December 21, 2006. Due process entitled him to both additional funding and a reasonable amount of time, once the additional funding was obtained, to complete his investigation, provide the results of that investigation to his expert witness and allow the expert to integrate the information into his testimony. The trial court granted Bridgers' request for additional funding five days before the evidentiary hearing, but denied his motion to postpone that hearing. The court finds that five days was not sufficient to complete an out of state investigation, communicate the results of that investigation to an expert witness and allow the expert witness time to prepare to give testimony, especially considering that, as Bridgers pointed out in his motion for continuance, the expert witness was scheduled to be testifying in a capital case in New York in the days immediately preceding Bridgers' evidentiary hearing.

In light of the circumstances present in this case, and in light of the fact that Bridgers did present these circumstances to the state court at the time he moved for a continuance, the court finds that the state court's denial of Bridgers' motion violated his right to due process, and denied him the opportunity for a full and fair hearing on his mental retardation claim. Accordingly, the court finds that it is not constrained by the restrictions in 28 U.S.C. §2254 (d)(1), and it will allow Bridgers to obtain and present additional evidence of his alleged mental retardation beyond the evidence presented in his state post-conviction proceedings.

**SIGNED this the 30th day of September, 2008.**

*Richard A. Schell*
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE